Daniel L. Feder (SBN 130867)
**LAW OFFICES OF DANIEL FEDER**
235 Montgomery Street Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
daniel@dfederlaw.com

Attorneys for Plaintiff,
Leslie Weise

# UNITED STATES DISTRICT COURT

# FOR NORTHERN CALIFORNIA

| | |
|---|---|
| LESLIE WEISE, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>VOLTA CHARGING INDUSTRIES, LLC, VOLTA CHARGING, LLC, VOLTA INDUSTRIES INC. and VOLTA INC., a Delaware Corporation doing business as Volta Inc; and DOES 1-50, inclusive,<br><br>  Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. Age Discrimination in Violation of FEHA;<br><br>2. Retaliation in violation of FEHA;<br><br>3. Failure to Prevent Discrimination, Retaliation and/or Harassment in Violation of FEHA<br><br>4. Wrongful Discharge in Violation of Public Policy; and<br><br>5. Violation of Labor Code section 1102.5.<br><br>**REQUEST FOR PUNITIVE DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1. Plaintiff Leslie Weise ("WEISE" or "PLAINTIFF") brings this action against VOLTA CHARGING INDUSTRIES, LLC, VOLTA CHARGING, LLC, VOLTA INDUSTRIES INC. and VOLTA INC., a Delaware Corporation doing business as Volta Inc., ("VOLTA" or "DEFENDANT") and DOES 1 through 50 (collectively "VOLTA" or "DEFENDANTS") for (1) age discrimination in violation of the Fair Employment and Housing Act Government Code section 12945.2, subdivision (l); (2) retaliation in violation of the Fair Employment and Housing Act, Government Code section 12945.2, subdivision (m); (3) failure to prevent discrimination in violation of the Fair Employment and Housing Act Government Code section 12945.2; (4) wrongful discharge in violation of public policy; and (5) violation of Labor Code section 1102.5.

Plaintiff hereby alleges the following:

**PARTIES**

2. PLAINTIFF is a Colorado citizen for purposes of diversity jurisdiction under 28 U.S.C. section 1332, who was employed by DEFENDANT as a as an attorney in 2021 to October 2022.

3. On information and belief, VOLTA is a Delaware Corporation for purposes of diversity jurisdiction under 28 U.S.C. section 1332.

4. On information and belief, VOLTA does business in the City and County of San Francisco as VOLTA.

5. DEFENDANTS have facilities and personnel and transact substantial business in the City and County of San Francisco, California.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as Does 1 through 50, inclusive, are unknown to PLAINTIFF and therefore said defendants are sued under fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of the defendants fictitiously named herein is legally responsible in some actionable manner for the events described herein, and thereby proximately caused the damage to PLAINTIFF. PLAINTIFF will seek leave of Court to amend this Complaint to state the true names and capacities of such fictitiously named defendants when the same have been ascertained.

## JURISDICTION AND VENUE

7. Venue is proper in this Court because the unlawful actions alleged herein occurred in San Francisco County, California.

8. The damages sought in this matter exceed $75,000.  The parties are citizens from diverse state jurisdictions. This matter is thus properly submitted as diversity jurisdiction to the United States District Court for Northern California pursuant to 28 U.S.C. section 1332.

## GENERAL ALLEGATIONS

9. On September 28, 2022, VOLTA fired PLAINTIFF allegedly as part of a company-wide reduction in force, but VOLTA's selection of PLAINTIFF was actually in retaliation for filing an EEOC complaint. PLAINTIFF over-performed in her position and other comparable employees with less seniority, skill and fewer accomplishments were not fired.   The evidence shows that VOLTA retaliated against PLAINTIFF for filing an EEOC complaint against VOLTA and former General Counsel Jim McGraw for age discrimination (and properly informing VOLTA upper management including Jon Michaels, Michelle Kley, Bill Cooper, Vince Cubbage, and Stephen Schnitzer) in an attempt to resolve the issues involved in the EEOC complaint.

10. In or about May 2022, PLAINTIFF filed an EEOC complaint (Federal EEOC, Inquiry Number 541-2022-02593).  Before filing her EEOC complaint Ms. Weise approached Mr. McGraw (to whom she reported directly) about her compensation level because she was being paid at a junior attorney level, when she was in fact a senior attorney and responsible for supervising other members of the legal department. PLAINTIFF recognized that Mr. McGraw gave younger attorneys more desired and interesting responsibilities and roles, while McGraw did not give many/any to PLAINTIFF. For example, in 2021, Mr. DeGraw forbade PLAINTIFF from participating in any data regulatory matters, and instead gave that set of responsibilities to Kara Bischak (who only passed the California bar in 2018) despite PLAINTIFF having experience that Ms. Bischak did not possess, like negotiating data provisions into contracts, including major contracts involving data sharing between VOLTA and third parties. McGraw told PLAINTIFF that he acknowledged that she had a lower salary and position than an attorney named Bryn Paslawski -- who only graduated law school in 2014 and did not become active on the California Bar until July 2019 – 15 years after PLAINTIFF passed

the bar exam. Mr. McGraw tried to justify this age discrimination by saying he placed PLAINTIFF at the "expert" level, in reference to the Radford Global Leveling Structure that was being used at VOLTA. However, just a few days after Mr. DeGraw told her that, Ms. Paslawski was promoted to Senior Vice President. The Radford Global Leveling Structure, thus placed PLAINTIFF an experienced attorney in her 50's with vastly more experience and knowledge in aspects critical to the company, an incredible 6 to 8 levels below Ms. Paslawski. For example, PLAINTIFF managed the company's intellectual property portfolio, negotiated contracts of nearly every type required by VOLTA, and managed issues such as technical product legal counseling, permitting, coordination and preparation of grant applications, and other necessary legal tasks.

11. After PLAINTIFF learned of Ms. Pawlowski's promotion and steep compensation and title difference between her and the much younger and less experienced Ms. Paslawski, PLAINTIFF arranged for a phone meeting with her younger counterpart when she expressed to her how upset she was with the delta between Ms. Pawlowski and herself and requested Ms. Pawlowski discuss the matter with Mr. DeGraw. During the call, Ms. Pawlowski acknowledged PLAINTIFF's concerns and admitted that she didn't believe she should have been promoted to such a high level. The disparity between Weise and Paslawski was highlighted by the fact VOLTA was still plagued by issues caused in part by Mr. DeGraw and by Ms. Paslawski and the lack of prior experience with SEC filings, which inexperience contributed to a material public reporting error that required a corrected and restated SEC filing. This material public reporting error continues to be a liability and is cited in the numerous class action lawsuits against VOLTA.

12. Mr. DeGraw's hostility heightened in severity over time and up to the point when DeGraw departed VOLTA, which was the week following PLAINTIFF's EEOC complaint submission. After DeGraw left and upon Michelle Kley's onboarding as VOLTA's General Counsel, PLAINTIFF told each of the new executives of the legal department and the human resources department, including the new interim CEO, of the existence of her EEOC complaint and asked each of them to research Weise's title and compensation disparity that led her to file the complaint. She told each of them that she was willing to withdraw the complaint if the new executive team addressed the underlying issues it contained. There is no serious dispute that each executive in the legal and

human resources department were aware of PLAINTIFF's EEOC complaint. For more than two months, the executives were aware of PLAINTIFF's complaint, but nobody ever told her they were addressing the underlying issues it contained because they just fired her instead of dealing with those legitimate issues.

13. The evidence shows Weise's termination was pretext for her filing an EEOC Complaint. The proffered reason for PLAINTIFF's termination was a lay-off company-wide by 10%. In the legal department at the time of her termination there were other less senior lawyers who were not selected for termination. PLAINTIFF offered more value to the company than each of them, she was not only the most senior attorney in the department (including Michelle Kley), but also the most experienced (2003 California Bar admission).

14. PLAINTIFF's value to the company is not in dispute. PLAINTIFF added significant value, including the formation of a greatly enhanced patent portfolio (a growth of over ten times the size and substantive value from when she started managing it), she successfully negotiated hundreds of contracts required by VOLTA of various scope and significance, and the leadership of preparing a major government grant application (through ARPA-E Department of Energy) that the company was just informed the week prior to Weise's termination has the potential to bring in millions of dollars of government funding to VOLTA's product team. VOLTA would not have participated in this grant application without PLAINTIFF's leadership and management. PLAINTIFF received congratulatory email responses from various officers of the company, including: Vince Cubbage ("Terrific news! Well done"); Michelle Kley ("Congratulations! Well done!"); David Klein ("Leslie is amazing – I enjoyed working with you on this."); Yifan Tang ("Great news, thanks Leslie."); Ramsey Meyer ("Leslie deserves gigantic kudos for this win… without her effort we would not be celebrating today. Leslie: Fantastic work, and thank you! 100% this – thank you, Leslie! Great outcome."), Drew Lipsher ("This is great – thanks Leslie."), and Perkins Foss ("Outstanding! Well done!!").

15. There is no other in-house counsel in the history of VOLTA whose efforts have had such a positive and significant impact to the value of the company. Indeed, Leslie's fundraising efforts through government funding had exceeded any other employee at VOLTA, including executive team members.

16. Her value was known and used even after her termination. Bill Cooper, the deputy general counsel, requested PLAINTIFF assist in a due diligence process, which she timely and diligently provided. She was also asked to answer numerous and comprehensive questions by the reviewing law firm regarding VOLTA's IP portfolio and Mr. Cooper commended her afterward that she did a "great job." Mr. Cooper commented that he did not expect so many questions about the IP and expressed how well she responded to the questions. Cooper also thanked her many times because her work facilitated the private VOLTA stock sale that was announced publicly on September 26, 2022.

17. PLAINTIFF agitated Upper Management about the subjects of her EEOC complaint, namely that her title and compensation was not commensurate with her experience and tenure.

18. PLAINTIFF's senior status, age and experience was a burden to VOLTA executive management for which they callously terminated her out of convenience, rather than deal with the legitimate issues she had raised. For example, compliance with municipal regulations for permitting of VOLTA's chargers with media screens in certain major markets was a legal task PLAINTIFF had been diligently working on with internal employees and outside contractors. After Bill Cooper began at VOLTA in July, 2022, PLAINTIFF asked Mr. Cooper if he could assist PLAINTIFF and the internal stakeholders in such an important legal area as the former Deputy General Counsel, Ms. Paslawski, and former General Counsel, Mr. DeGraw diligently worked on such permitting tasks, and due to the extensive workload PLAINTIFF had at the time given the recent departures of four (over half of the) attorneys in the VOLTA Legal Department). Mr. Cooper agreed to do so, but within a short period of time, PLAINTIFF was shocked to learn that Mr. Cooper and Ms. Kley had made the decision that VOLTA internal legal would no longer be involved in such meetings.

19. PLAINTIFF filed her EEOC complaint on May 22, 2022; she was terminated on September 28, 2022. Between May and September 28, PLAINTIFF held meetings with company executives to discuss her EEOC Complaint and the underlying issues. In early June, she met with Stephen Schnitzer. On July 20, 2022, she met with Bill Cooper, and on July 21, 2022, she separately met with Jon Michaels and with Michelle Kley. Similarly, the executive management members opted to avoid an inconvenient, yet material, legal issue concerning the age discrimination matter

PLAINTIFF experienced with Mr. DeGraw and attempted to resolve with subsequent executive management team members.

20. On or about August 3, 2022, PLAINTIFF met with interim CEO Vince Cubbage, which triggered Ms. Kley to contact PLAINTIFF via email to ask about the role she wanted in the company and then again asked PLAINTIFF by email on August 14, 2022 about her EEOC complaint, to which requests PLAINTIFF diligently responded to both inquiries with the relevant information.

21. The following month, on or about September 26, 2022, PLAINTIFF requested a meeting with Michelle Kley to discuss her status and compensation, to which Ms. Kley enthusiastically (with exclamation points) accepted for Wednesday, September 28, 2022. At the September 28 meeting, Ms. Kley also brought Executive Vice President, Head of People, Jon Michaels, and stated that she had "repurposed" the meeting to terminate her. The EEOC complaint was not discussed by either Ms. Kley or Mr. Michaels. Just that she was being fired. The proffered reason for her termination was that they were eliminating her position, which was a lie. Immediately prior to firing PLAINTIFF, VOLTA hired her much younger replacement Lisa Lopshire, who was admitted to the California bar 10 years after PLAINTIFF. Ms. Lopshire possesses no skills that PLAINTIFF does not also possess and had no work experience in Volta's relevant product market. We are aware of VOLTA announcing a massive layoff on October 21, 2022, but on information and belief, Ms. Lopshire did not lose her job. Our position is that if VOLTA did not retaliate against PLAINTIFF, she would still be employed as Ms. Lopshire was not terminated on October 21, 2022, thus if VOLTA was playing by the rules and acting in conformance with state and federal laws, PLAINTIFF, with the most tenure and experience of all the attorneys in the legal department would still be employed.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

22. PLAINTIFF has filed an administrative charge with the Department of Fair Employment and Housing (DFEH) within one year of the date of her termination. The DFEH has issued a notice of case closure, and this action has been filed within one year of the date of issuance of the notice of case closure.

# FIRST CAUSE OF ACTION

## Age Discrimination in Violation of the

## Fair Employment and Housing Act, Gov. Code § 12945.2

23. PLAINTIFF incorporate by reference the allegations set forth above as though fully restated herein.

24. At all times herein mentioned, VOLTA qualified as "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they regularly employed five or more workers.

25. At all times herein mentioned, PLAINTIFF was an employee of VOLTA and over the age of 40 years.

26. As stated supra, PLAINTIFF was significantly older than the other attorneys in VOLTA's legal department and she was a more experienced attorney than any of her departmental colleagues. DEFENDANTS refused to promote her into an appropriate position and instead promoted significantly younger individuals, by doing so VOLTA discriminated against PLAINTIFF on the basis of her age in violation of the FEHA.

27. DEFENDANTS committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive amounting to malice, in conscious disregard for PLAINTIFF's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at PLAINTIFF were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage PLAINTIFF. PLAINTIFF is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter DEFENDANTS and others for such conduct.

WHEREFORE, PLAINTIFF prays for judgment, including punitive damages, as more fully set forth below.

## SECOND CAUSE OF ACTION

## Retaliation in Violation of the

## Fair Employment and Housing Act, Gov. Code § 12945.2

28. PLAINTIFF incorporate by reference the allegations set forth above as though fully restated herein.

29. At all times herein mentioned, VOLTA qualified as "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they regularly employed five or more workers.

30. At all times herein mentioned, PLAINTIFF was an employee of VOLTA and over the age of 40 years.

31. As stated supra, PLAINTIFF was significantly older than the other attorneys in VOLTA's legal department and she was a more experienced attorney than any of her departmental colleagues. DEFENDANTS refused to promote her into an appropriate position and instead promoted significantly younger individuals, by doing so VOLTA discriminated against PLAINTIFF on the basis of her age in violation of the FEHA. PLAINTIFF filed a Complaint with the EEOC and made effort to discuss her Complaint with upper management.  DEFENDANTS fired her in retaliation for doing so.

32. DEFENDANTS committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive amounting to malice, in conscious disregard for PLAINTIFF's rights and thus an award of exemplary and punitive damages is justified.  Further, the actions directed at PLAINTIFF were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage PLAINTIFF.  PLAINTIFF is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter DEFENDANTS and others for such conduct.

WHEREFORE, PLAINTIFF prays for judgment, including punitive damages, as more fully set forth below.

### THIRD CAUSE OF ACTION

### Failure to Prevent Discrimination in Violation of the

### Fair Employment and Housing Act, Gov. Code § 12945.2

33. PLAINTIFF incorporate by reference the allegations set forth above as though fully restated herein.

34. At all times herein mentioned, VOLTA qualified as "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they regularly employed five or more workers.

35. At all times herein mentioned, PLAINTIFF was an employee of VOLTA and over the age of 40 years.

36. As stated supra, PLAINTIFF was significantly older than the other attorneys in VOLTA's legal department and she was a more experienced attorney than any of her departmental colleagues. DEFENDANTS refused to promote her into an appropriate position and instead promoted significantly younger individuals, by doing so VOLTA discriminated against PLAINTIFF on the basis of her age in violation of the FEHA. PLAINTIFF filed a Complaint with the EEOC and made effort to discuss her Complaint with upper management. DEFENDANTS fired her for doing so in violation of the FEHA. California Government Code § 12940(k), and other applicable provisions, make it an unlawful employment practice for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.", which DEFENDANTS indeed failed to take any steps to prevent discrimination when it failed to address her underlying issues outlined in her EEOC Complaint and by failing to prevent her discriminatory termination.

37. DEFENDANTS committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive amounting to malice, in conscious disregard for PLAINTIFF's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at PLAINTIFF were carried out by supervising employees acting in a deliberate, callous, and intentional manner in order to injure and damage PLAINTIFF. PLAINTIFF is therefore entitled to recover and herein prays for

punitive damages in an amount sufficient to punish and deter DEFENDANTS and others for such conduct.

WHEREFORE, PLAINTIFF prays for judgment, including punitive damages, as more fully set forth below.

## FOURTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

38. PLAINTIFF re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

39. It is the public policy of the State of California to prevent the discharge of an employee's choice to exercise their right file a complaint with the EEOC, as expressed in Labor Code section 1102.5.

40. It is the public policy of the State of California to prevent the interference of an employee's choice to exercise their right file a Complaint with the EEOC, as expressed in Labor Code section 1102.5.

41. On information and belief, DEFENDANTS' conduct as described above was in direct contravention of this public policy.

42. As a direct and proximate result of the aforementioned conduct, PLAINTIFF has suffered damages in an amount to be proven at trial.

43. DEFENDANTS committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive amounting to malice, in conscious disregard for PLAINTIFF's rights and thus an award of exemplary and punitive damages is justified.  Further, the actions directed at PLAINTIFF were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage PLAINTIFF.  PLAINTIFF is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter DEFENDANTS and others for such conduct.

WHEREFORE, PLAINTIFF prays for judgment, including punitive damages, as more fully set forth below.

**FIFTH CAUSE OF ACTION**

**Violation of Labor Code Section 1102.5**

44. PLAINTIFF re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

45. Labor Code section 1102.5(b) provides "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person…"

46. PLAINTIFF exercised her right to disclose information to the EEOC pertaining to age discrimination on the job. DEFENDANT fired her for doing so in direct violation of Labor Code section 1102.5.

47. As a direct and proximate result of the aforementioned conduct, PLAINTIFF has suffered damages in an amount to be proven at trial.

48. DEFENDANTS committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive amounting to malice, in conscious disregard for PLAINTIFF's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at PLAINTIFF were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage PLAINTIFF. PLAINTIFF is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter DEFENDANTS and others for such conduct.

WHEREFORE, PLAINTIFF prays for judgment, including punitive damages, as more fully set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF makes the following demand:

(a) That process be issued and served as provided by law, requiring DEFENDANTS, and each of them, to appear and answer or face judgment;

(b)  For general, special, actual, compensatory and/or nominal damages, as against DEFENDANTS, and each of them, in an amount to be determined at trial;

(c) For back pay and other benefits PLAINTIFF would have been afforded but-for DEFENDANTS', and each of their, unlawful conduct;

(d) For declaratory relief, as against DEFENDANTS, and each of them, in an amount to be determined at trial;

(e) For costs and expenses of this litigation;

(g) For reasonable attorneys' fees where appropriate;

(h) For pre and post-judgment interest on all damages and other relief awarded herein from all entities against whom such relief may be properly awarded; and,

(i) For all such other relief as this Court deems just and appropriate.

Dated:  January 11, 2023                    Law Offices of Daniel Feder

    /s/ Daniel Feder

DANIEL FEDER
Attorneys for Plaintiff
LESLIE WEISE

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated:  January 11, 2023                    Law Offices of Daniel Feder

    /s/ Daniel Feder

**DANIEL FEDER**
Attorneys for Plaintiff
Leslie Weise

Page **13** of **13**
**COMPLAINT FOR DAMAGES**